UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY DRIVER, JR.,

    Plaintiff,

v.

MARTINEZ, Sergeant; et al.,

    Defendants.

No. C 11-5793 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Billy Driver, Jr., formerly an inmate at Salinas Valley State Prison and now incarcerated at the California State Prison - Sacramento, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Driver alleges the following:

On October 19, 2009, he filed an inmate appeal at Salinas Valley State Prison that was improperly screened out and returned to him.

Driver was transferred seven times in a 14-month period between October 8, 2008 through December 8, 2009. Complaint, p. 12. One of the transfers sent him to Salinas Valley, and a later transfer sent him from Salinas Valley to CSP-Sacramento on December 8, 2009. *Id.* at 12. Due to the several transfers, he was not able to address and pursue the missing personal property and staff misconduct complaints he had made or wanted to make. He alleges that the transfers were "violent abussive (sic) transfers" but provides no details. *Id.* He also alleges that at some unspecified point in time -- possibly during the course of the transfers -- he was

erroneously denied a food package that apparently had been sent to him by his mother. He further alleges that property was erroneously "confiscated (and or) stolen" during one or more of the transfers. *Id.* at 15 (error in source).

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Driver sues three members of the correctional staff at Salinas Valley State Prison who allegedly improperly rejected his inmate appeals and failed to find in his favor on his administrative appeals. He alleges both due process and equal protection claims.

The failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in conditions as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for

reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* at § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). The claim that the handling of Driver's inmate appeal violated due process is dismissed.

Driver also alleges that he was denied equal protection when defendant Reamer rejected his inmate appeal in the face of "clear and convincing evidence that [he] had not been issued [a] yearly access food package." Complaint, p. 17. The facts alleged are not suggestive of an equal protection violation, as Driver has not alleged that similarly situated inmates were treated differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (Equal Protection Clause's command is "essentially a direction that all persons similarly situated should be treated alike."). The equal protection claim is dismissed.

The main problem which Driver was trying to address in the administrative appeals was that his property was lost or stolen. Any claim for the loss or theft of property would not be appropriate against the person who merely denied an inmate appeal about the issue, but instead would have to be pursued against the person who lost or stole the property. Driver's lost/stolen property claim has a more significant problem, however: the allegations do not state a claim under § 1983. Allegations that a plaintiff has been deprived of his property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, *see Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property), because California provides an adequate state post-deprivation remedy, *see Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990) (where state cannot

foresee and therefore provide meaningful hearing prior to deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). The allegations in the complaint that Driver's property was lost, stolen or destroyed by a staff member at an unidentified prison does not state a claim for relief under § 1983. The allegations show a random and unauthorized deprivation of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right.

Driver also wishes to complain about the volume of transfers to which he was subjected. He has not linked any defendant to this claim, but that doesn't warrant leave to amend because the claim must be dismissed. The transfers themselves did not violate Driver's right to due process. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and *Olim*, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)). A non-consensual transfer is not per se violative of either due process or equal protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Stinson v. Nelson*, 525 F.2d 728, 730 (9th Cir. 1975). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). The claim that the transfers violated due process is dismissed.

Driver also alleges that the transfers were violently abusive, but provides no details. That lack of detail prevents the court from determining which claims deserve a response and from whom, and also would prevent individual defendants from framing a response to the complaint. If he wishes to pursue this claim in an amended complaint, for each instance in which he contends excessive force was used on him, Driver should (a) identify the date on which the force was used, (b) identify who used force on him, (c) describe what happened, and (d) describe what he was doing at the time force was used.

4

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **April 23, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: March 20, 2012

_____
SUSAN ILLSTON
United States District Judge