UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY DRIVER, JR.,

    Plaintiff,

    v.

MARTINEZ, Sergeant; et al.,

    Defendants.
                               /

No. C 11-5793 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

In this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, Billy Driver, Jr., alleged that defendant Machuco retaliated against him in April 2009 at Salinas Valley State Prison (SVSP). (His other claims were dismissed.) Defendant Machuco has filed a motion to dismiss, and Driver has opposed it. For the reasons discussed below, defendant's motion to dismiss will be granted and the action dismissed without prejudice. The court also will address some miscellaneous motions filed by Driver.

## DISCUSSION

A.    <u>Motion To Dismiss</u>

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or

welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Under the regulations that existed in 2009, in order to exhaust available administrative remedies within this system, a prisoner had to proceed through several levels of appeal: (1) informal resolution effort, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *See id.* at former § 3084.5; *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006).[1]

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. *See Woodford v. Ngo*, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. A defendant has the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20, citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). *See id. Wyatt* and *Ritza* allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Defendant demonstrates in his motion to dismiss that Driver did not exhaust administrative remedies with regard to the claim asserted in the complaint. There is no evidence in the record that Driver ever submitted an inmate appeal in which he claimed that defendant

---

[1] The administrative remedy regulations were amended in 2011, but those amendments are not relevant to Driver's case.

2

Machuco ordered a cell extraction or retaliated against him in April 2009 by ordering that cell extraction. Defendant has presented evidence that the CDCR keeps records of inmate appeals that made it to the third level review, i.e., the highest level of review; that Driver had filed numerous inmate appeals that reached the third level; and that none of Driver's inmate appeals that reached the third level concerned defendant Machuco's alleged order for a cell extraction or retaliatory motivation therefor in April 2009. *See* Foston Decl., ¶¶ 7-8, Ex. A.

In his opposition to the motion to dismiss, Driver argues that his non-exhaustion should be excused because his inmate appeals were either screened out or cancelled. *See* Docket # 26, ¶. 3-4. He does not, however, describe in any detail when he wrote an inmate appeal about the incident that is the subject of this action, and does not state when it was denied/cancelled. He also does not provide a copy of any inmate appeal that he prepared about the April 2009 incident and does not provide a copy of any inmate appeal with any markings showing it was screened out or otherwise improperly processed. The inmate appeal records attached to his complaint and amended complaint also do not pertain to the April 2009 incident. While Driver presents nothing but conclusory assertions that the process was inadequate, defendant provided evidence that Driver filed many grievances and received numerous responses at the third level review, although none pertained to the complaint in this action. *See* Foston Decl., Ex. A. The record does not support a finding that the administrative appeals process was unavailable to Driver.

The statute requires "proper exhaustion" of available administrative remedies, *Woodford v. Ngo*, 548 U.S. at 93, and in California that means pursuing an inmate appeal through to receipt of a director's level decision. Driver did not properly exhaust his available administrative remedies. Defendants have carried their burden on their motion to dismiss. They have demonstrated that the CDCR has no record that Driver ever filed an inmate appeal that (a) concerned Machuco's alleged April 2009 conduct and (b) received a decision at the director's level before he filed this action. The action must be dismissed.

/ / /

/ / /

3

B.   Miscellaneous Motions

Plaintiff has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The request for appointment of counsel is DENIED. (Docket # 25.)

Plaintiff filed a motion for an in camera hearing to have counsel assigned and for a guard to return property to plaintiff. The motion is DENIED. (Docket # 24.) There is no need for a hearing to assign counsel because, as stated in the preceding paragraph, the request for counsel is denied. The court also has no jurisdiction over plaintiff's dispute with a guard at the California State Prison in Lancaster. If plaintiff wants to pursue court relief about a guard's failure to return property to him or for any other condition of confinement at the California State Prison in Lancaster, he may file a complaint in the Los Angeles County Superior Court or the U.S. District Court for the Central District of California. The Northern District is not the right venue for such a complaint.

Plaintiff attached to his opposition to defendant's motion to dismiss some declarations about problems he has at the California State Prison in Lancaster. As explained in the preceding paragraph, if he wants to complain about any condition of confinement at the California State Prison in Lancaster, he may file a complaint in the Los Angeles County Superior Court or the U.S. District Court for the Central District of California.

/ / /

/ / /

4

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED. (Docket #20.) This action is dismissed without prejudice to plaintiff filing a new action in compliance with any exhaustion requirement. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 18, 2013

                                          SUSAN ILLSTON
                                      United States District Judge